UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEVAN P.,

                                   Plaintiff,

                                  v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                   Defendant.

_____

<u>DECISION AND ORDER</u>

20-CV-1450L

        Plaintiff appeals from a denial of disability benefits by the Acting Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On April 19, 2013, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since November 30, 2010. (Dkt. #10 at 17). His applications were initially denied. Plaintiff requested a hearing, which was held before Administrative Law Judge Eric L. Glazer, and resulted in an unfavorable decision on March 24, 2016. (Dkt. #10 at 17-26).

        Plaintiff appealed. By Decision and Order dated March 22, 2019, the federal district court for the Western District of New York (Hon. Michael A. Telesca, J.) granted a motion by plaintiff for judgment on the pleadings, and remanded the matter for further proceedings, finding that the ALJ had erroneously failed to evaluate certain of plaintiff's severe impairments at Step Two of the sequential analysis, and improperly relied upon the non-medical opinion of a state agency decision maker. (Dkt. #10 at 634-47).

On remand, the matter was referred to Administrative Law Judge Stephen Cordovani ("the ALJ"), who gathered updated medical evidence and opinions, and held a supplemental hearing via teleconference on July 30, 2020. (Dkt. #10 at 56). On September 17, 2020, the ALJ issued a new decision, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #10 at 560-577). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #11), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #13). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

**I.      The ALJ's Decision**

Plaintiff was born February 6, 1966, and was 44 years old on the alleged onset date, with a high school education and past relevant work as a foundry worker, groundskeeper, and bench assembler. (Dkt. #10 at 575). His medical records reflect diagnoses and treatment for obesity, asthma, degenerative disc disease of the lumbar spine status post remote history of L4-L5 micro discectomy, degenerative joint disease and multiple soft tissue tears of the right knee status post remote meniscectomy and repair of the anterior cruciate ligament and medial collateral ligament,

coronary artery disease with Prinzmetal's angina, and anxiety disorder, all of which the ALJ found to be severe impairments not meeting or equaling a listed impairment.

In applying the special technique to plaintiff's mental health impairment, the ALJ determined that plaintiff has a moderate limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in concentration, persistence and pace, and a mild limitation in adapting or managing himself. (Dkt. #10 at 555-56). He accordingly found that plaintiff's mental health impairments were not disabling.

The ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform light work, with the following limitations: no more than frequent climbing of ramps or stairs or balancing, no more than occasional stooping, kneeling, crouching, and/or crawling, and no climbing of ladders, ropes, and/or scaffolds. Plaintiff can no more than frequently reach overhead with either arm. He can have no exposure to extreme heat, cold, wetness, or humidity, and must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and/or other known respiratory irritants. He must be able to alternate between sitting and standing, at will, while on task. He can understand, remember, and carry out simple instructions and directions to perform simple tasks, and is limited to a low-stress work environment, defined as involving only simple, unskilled work, with no supervisory duties, no independent decision-making, no strict production quotas as with assembly line work, no more than minimal changes in work routine and processes, and no more than frequent interaction with supervisors, coworkers, and the general public. (Dkt. #10 at 566-67).

When presented with this RFC at the hearing, vocational expert Andrew Vaughn testified that a person with this RFC could perform the representative position of cashier, storage facility

rental clerk, and information clerk. (Dkt. #10 at 576). The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's Assessment of the Opinions of Treating Sources

Plaintiff alleges that the ALJ failed to properly evaluate the opinions of two treating sources, primary care physician Dr. Robert Berke, who rendered an RFC opinion on July 17, 2015 (Dkt. #10 at 505-509), and primary care physician Dr. Jennifer Bulger, who rendered an opinion on June 11, 2019. (Dkt. #10 at 891-92).

The "treating physician rule," which is applicable to the analysis of claims which were, like plaintiff's, filed on or before March 27, 2017, provides that a treating physician's opinion is entitled to controlling weight where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §404.1527(c)(2).

In determining the weight to be afforded to a treating physician's medical opinion, the ALJ must consider several factors, including: (1) the frequency of examination and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the consistency of the opinion with the record as a whole; (4) whether the opinion is from a specialist; and (5) other factors that tend to support or contradict the opinion. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted).

The ALJ must give "good reasons" for the weight he assigns to the opinion of a treating physician. 20 C.F.R. §404.1527 (c)(2). An ALJ's failure to explicitly consider the relevant factors in assigning weight to a treating physician's opinion, or to give good reasons therefor, can constitute grounds for a remand. *See Wagner v. Commissioner*, 435 F. Supp. 3d 509, 514-15 (W.D.N.Y. 2020).

Dr. Berke, a primary care physician who had treated plaintiff twice a year for sixteen years, diagnosed plaintiff with hypertension, spinal disorder, right knee disorder, and obesity. He described plaintiff's treatment as consisting of physical therapy and the use of a transcutaneous electrical nerve stimulation ("TENS") unit. Dr. Berke opined that plaintiff's symptoms of back and knee pain would "frequently" interfere with his attention and concentration, and that plaintiff would need to change position after 10 minutes of standing or 30 minutes of sitting. Dr. Berke further indicted that plaintiff was incapable of sitting, standing, or walking for 2 hours total in an 8-hour workday, would require 20-minute unscheduled breaks every 1-2 hours during the day, could no more than "occasionally" lift any amount of weight, would have good and bad days, and would be likely to miss work due to symptoms for more than four days per month. (Dkt. #10 at 505-509).

The ALJ gave Dr. Berke's opinion "little" weight, noting that Dr. Berke's contemporaneous treatment notes reflected "relatively benign findings without any indication of disability to the extent alleged in his July 2015 statement," and that "global consideration of the claimant's treatment notes reflect[s] virtually no examination evidence of back or knee problems." (Dkt. #10 at 573).

Dr. Bulger, who began treating plaintiff in November 2018, opined, based on six months of treatment, that due to degenerative disc disease of the lumbar spine and chronic knee pain, plaintiff was "very limited" in walking, standing, sitting, and climbing, and "moderately" limited in lifting, carrying, pushing, pulling, bending, and working at a consistent pace. She further indicated, without elaboration, that plaintiff was "unlikely" to be able to complete an 8-hour workday. (Dkt. #10 at 891-82).

5

The ALJ gave Dr. Bulger's opinion "little" weight, noting the brevity of the treatment relationship upon which the opinion was based, the fact that Dr. Bulger was not a specialist, and his impression that her opinion "appears to rely more upon the claimant's self-report tha[n] upon treatment records," since treatment records "tended to show [that plaintiff] possessed greater physical and mental capabilities" than Dr. Bulger opined. (Dkt. #10 at 574).

I find that the ALJ specifically and appropriately considered the factors relevant to the weighing of treating source opinions, sufficiently explained his reasoning for declining to grant controlling weight to Dr. Berke's and Dr. Bulger's opinions, and furnished good reasons for giving them "little" weight.

As the ALJ noted, Dr. Berke's examination notes from the same day as his opinion were dramatically inconsistent with the significant postural and attendance limitations he had reported. On examination, Dr. Berke indicated that plaintiff was "feeling well," that his "pain [wa]s not significant," and that his hypertension "caused no interference in daily activities." (Dkt. #10 at 550). Although plaintiff complained of chronic pain in his back and knees, objective examination findings were grossly normal, including full strength and normal contours in the spine, intact sensation, and normal extremities, with the exception of edema in plaintiff's calves. (Dkt. #10 at 551-53). Dr. Berke made no changes to plaintiff's treatment plan, and indicated that plaintiff's hypertension was "under good control," that his knee pain and back pain were "stable," and that plaintiff should continue treating his back and knee pain with medical marijuana and "ibuprofen as needed." (Dkt. #10 at 553-54). Given the dramatic disconnect between Dr. Berke's objective findings – both in his contemporaneous treatment notes, and in his other treatment notes of record, many of which made no mention of back or knee complaints at all – and his opinion concerning plaintiff's limitations, the ALJ did not act improperly in opting to give it "little" weight.

With respect to Dr. Bulger's opinion, the ALJ's observation that she had treated plaintiff only briefly and was not a specialist was not improper, since area of specialty and frequency of examination are both relevant factors in the assessment of medical opinions. Nonetheless, as plaintiff points out, the same could be said of the opinions of the consulting internists whose opinions the ALJ credited. The ALJ's alternate explanation – the inconsistency of Dr. Bulger's opinion with plaintiff's treatment notes and/or examination findings – is more persuasive, is well-supported by the record, and constitutes a good reason for the ALJ to have discounted it. While the record contains few of Dr. Bulger's own treatment notes, those that are included do not support Dr. Bulger's vague indication that plaintiff was "very limited" with respect to activities such as sitting, standing, and walking: plaintiff was found to have a normal gait and no problems ambulating, and was able to "[c]arry at least 24 [lbs.] up [a] flight of 8 stairs." (Dkt. #10 at 1248). On balance, Dr. Bulger's opinion was not supported by objective findings or diagnostic testing, and was inconsistent with other substantial evidence, including her own treatment notes.

Nor do I find that the ALJ mischaracterized the evidence of record. Although plaintiff argues that the ALJ's reference to Dr. Berke's "benign findings" is undermined by examination records from other physicians that occasionally showed mildly-to-moderately limited range of motion in the lumbar spine and knees, or spinal spasms, there is no indication that any of these objective findings were consistent enough to satisfy the durational requirement, or would have supported limitations inconsistent with the ALJ's RFC determination.

The ALJ's finding that plaintiff could perform an extremely limited range of light work, with, inter alia, no climbing of ladders, ropes or scaffolds, no more than occasional engagement in postural activities such as bending, stooping, crouching, or crawling, and the ability to change positions at will, was well-supported by substantial evidence of record. Such evidence included

7

treatment records showing grossly normal findings and largely effective management of plaintiff's symptoms, plaintiff's self-reported activities of daily living including cooking, laundry, shopping, and childcare, and the medical opinions of consulting psychiatrist Dr. Jeanine Ippolito, consulting internist Dr. Nikita Dave, and consulting internist Dr. Russell Lee, all of whom found no more than mild mental limitations, and no more than moderate postural and exertional limitations. (Dkt. #10 at 464-68, 470-74, 843-49, 853-64). I find no reason to disturb the ALJ's determination.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #11) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 16, 2022.